**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

CARPENTERS PENSION FUND OF     *
WEST VIRGINIA
3150 U.S. Route 60     *
Ona, West Virginia  25545
    *

and     *

THE JOINT BOARD OF TRUSTEES OF     *
CARPENTERS PENSION FUND OF
WEST VIRGINIA     *
3150 U.S. Route 60
Ona, West Virginia  25545,     *

      Plaintiffs,     *

v.     *       Civil Action No.  <u>3:20-cv-00338</u>

OCEAN CONSTRUCTION, LLC     *
3600 Morgantown Industrial Park
Morgantown, West Virginia  26501,     *

      Defendant.     *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

<u>**COMPLAINT**</u>

      Plaintiffs, Carpenters Pension Fund of West Virginia ("Pension Fund") and The Joint

Board of Trustees of Carpenters Pension Fund of West Virginia ("Trustees"), by their

undersigned counsel, bring this Complaint against Defendant, Ocean Construction, LLC

("Ocean").  In support of their Complaint, the Pension Fund and Trustees state as follows:

**NATURE OF ACTION AND JURISDICTION**

      1.      This action is brought to enjoin violations of the Employee Retirement Income

Security Act of 1974, as amended ("ERISA"), and the terms of an employee benefit plan, and to

collect interim withdrawal liability payments.

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.  More particularly, the Court has jurisdiction under ERISA Sections 502, 515, and 4301, 29 U.S.C. §§ 1132, 1145, and 1451, because this is an action to redress violations of ERISA, by requiring Ocean to make past-due withdrawal liability installment payments required under ERISA and the terms of an employee benefit plan, and to enjoin violations of ERISA and the terms of an employee benefit plan by requiring that future payments be made when they come due.

## VENUE

3.      Venue is proper in this Court based on the general venue statute of the United States, 28 U.S.C. § 1391, and under ERISA Sections 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Pension Fund is administered in Cabell County, West Virginia, which is within this judicial district.

## PARTIES

4.      The Trustees are trustees of a multiemployer employee pension benefit plan as those terms are defined in ERISA Section 3(2), (3), and (37), 29 U.S.C. § 1002(2), (3), and (37). The Pension Fund is established and maintained pursuant to an Amended and Restated Agreement and Declaration of Trust ("Trust Agreement") and to collective bargaining agreements between Eastern Atlantic States Regional Council of Carpenters (formerly known as Keystone Mountain Lakes Regional Council of Carpenters) and its local union affiliates (collectively, the "Union"), and various signatory employers and employer associations.  The Pension Fund is administered in and the Trustees discharge their obligations to the Fund in Ona, West Virginia.

5.      Ocean is a limited liability company existing under the laws of West Virginia.  At all relevant times herein, Ocean transacted business in the State of West Virginia as a general building contractor or subcontractor in the building and construction industry, and at all times herein was an "employer in an industry affecting commerce" as defined in 29 U.S.C. §§ 142(1), (3), and 152(2).  Ocean was also, at relevant times, an "employer" and a "person" in an industry affecting commerce under ERISA Section 3(5), (9), (11), and (12), 29 U.S.C. § 1002(5), (9), (11), and (12).

6.      Upon information and belief, at all times relevant to this action the organizational structures of Ocean and Blackhawk Interiors, Inc. ("Blackhawk") were such that the two companies were trades and/or businesses under common control, which are to be treated as a single employer for purposes of withdrawal liability pursuant to ERISA Section 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## FACTS

7.      From December 1999 until December 2017, Blackhawk was obligated to contribute to the Pension Fund on behalf of its employees pursuant to collective bargaining agreements between the Union and Blackhawk.  The collective bargaining agreements established the terms and conditions of employment for Blackhawk's employees engaged in the trade jurisdiction of the Union.  Blackhawk ceased performing operations covered by the collective bargaining agreements and the jurisdiction of the Pension Fund in or around December 2017.

8.      Notwithstanding Blackhawk's cessation of operations as described in paragraph 7, Ocean continued to perform work in the jurisdiction of the collective bargaining agreements and

the Pension Fund of the type for which contributions were previously required within the meaning of ERISA Section 4203(b), 29 U.S.C. § 1383(b).

9.      As a result of the conduct described in paragraph 8 and based on organizational structure described in paragraph 7, on October 2, 2019, the Pension Fund's Administrator sent a letter to Ocean notifying it of its withdrawal liability to the Pension Fund in the amount of $2,640,031.  As required by ERISA Section 4219(b), 29 U.S.C. § 1399(b), the letter demanded payment and set an amortization schedule comprising twenty-two (22) quarterly payments (including interest) of $139,401 and one final payment of $11,124.  In accordance with ERISA Section 4219(c)(2), 29 U.S.C. § 1399(c)(2), Ocean's first quarterly payment was due on or around December 2, 2019.  Subsequent quarterly payments were due on January 1, 2020, and April 1, 2020.

10.     Ocean failed and refused to pay the three quarterly interim withdrawal liability payments described in paragraph 9 to the Pension Fund when they came due, and to date has failed and refused to make such payments.  By letter dated January 13, 2020, the Pension Fund, by and through counsel, notified Ocean's counsel of Ocean's failure to timely pay the first quarterly interim withdrawal liability payment.

11.     By letter dated December 27, 2019, Ocean, by and through counsel, submitted to the Pension Fund a request for review under ERISA Section 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A).  In that letter, Ocean requested review of the Pension Fund's withdrawal liability assessment against it, claiming, on the multiple grounds, that the assessment was, variously, improper and incorrect in amount.

12.     By letter dated March 2, 2020, the Trustees, by and through counsel, in accordance with ERISA Section 4219(b)(2)(B), 29 U.S.C. § 1399(b)(2)(B), responded to

Ocean's request for review, declining to rescind or modify its assessment and demand for payment of withdrawal liability.

13.     By letter dated April 30, 2020, Ocean, by and through counsel, in accordance with ERISA Section 4221(a), 29 U.S.C. § 1401(a), notified the Pension Fund of its intent to resolve the disputed the withdrawal liability assessment in arbitration.

## COUNT I
### (Collection of Unpaid Interim Withdrawal Liability Payments)

14.     Plaintiffs hereby restate and incorporate by reference Paragraphs 1 through 13 as if fully set forth herein.

15.     Pursuant to ERISA Section 4221(d), 29 U.S.C. § 1401(d), notwithstanding its intent to resolve the disputed withdrawal liability assessment in arbitration, Ocean is required to make interim withdrawal liability payments to the Pension Fund until an arbitrator issues a final decision with respect to the issues in dispute.

16.     Under ERISA Section 4301(b), 29 U.S.C. § 1451(b), any failure of an employer to make any withdrawal liability payment within the time prescribed by law shall be treated in the same manner as a delinquent contribution under ERISA Section 515, 29 U.S.C. § 1145.

17.     ERISA Section 502, 29 U.S.C. § 1132, provides for civil enforcement of ERISA Section 515. Specifically, Section 502(g)(2) provides that, in any action to enforce Section 515 in which a judgment in favor of an employee benefit plan is awarded, the court shall award the plan the unpaid contributions, interest on same, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of twenty percent (20%) of the unpaid contributions, reasonable attorneys' fees and costs of the action, and such other legal and equitable relief as the court deems appropriate. Pursuant

to 29 C.F.R. §§ 4219.32 and 4219.33, interest on overdue withdrawal liability payments is determined using the rate provided in the plan, consistent with ERISA.

18.     Section 6.04 of the Trust Agreement provides, in relevant part, that an employer is obligated to pay interest on delinquent contributions owed to the Pension Fund "at the rate of one and one-half percent (1½ %) for each month, or any part thereof" of such delinquency.  Section 6.04 of the Trust Agreement additionally provides that any employer that "is delinquent on money due to the Fund shall pay unto the Fund as liquidated damages ten percent (10%) of the total delinquent monies."

19.     Ocean failed to make the quarterly payments of $139,401 that were due on or around December 2, 2019, January 1, 2020, and April 1, 2020.  Ocean is therefore currently in arrears in the principal amount of $418,203.

20.     Pursuant to ERISA Section 502(g)(2) and Section 6.04 of the Trust Agreement, Oceans also owes interest on the unpaid interim withdrawal liability amounts from the date each amount is due to the date of payment, at the interest rate set forth in paragraph 18.

21.     Under ERISA Section 502(g)(2) and Section 6.04 of the Trust Agreement, Ocean owes liquidated damages in the amount of 10% of the unpaid interim withdrawal liability payments owed to date pursuant to the amortization schedule established by the Pension Fund.

### COUNT II
### (To Enjoin Violations of ERISA and an Employee Benefit Plan)

22.     Plaintiffs hereby restate and incorporate by reference Paragraphs 1 through 21 as if fully set forth herein.

23.     Pursuant to ERISA Section 4221(d), notwithstanding its intent to resolve the disputed withdrawal liability assessment in arbitration, Ocean is required to make interim

withdrawal liability payments to the Pension Fund until an arbitrator issues a final decision with respect to the issues in dispute.

24.     Plaintiffs are entitled to an injunction requiring Ocean to make future interim withdrawal liability payments as they come due on the schedule set forth by the Pension Fund.

WHEREFORE, the Pension Fund and Trustees pray for relief against Ocean as follows:

A.     On Count I, judgment in the principal amount of $418,203, representing the total amount of the three interim withdrawal liability payments of $139,401 that were due to the Pension Fund from Ocean on or around December 2, 2019, January 1, 2020, and April 1, 2020, as well as the principal amount of any additional quarterly payments that come due, but are not paid, during the pendency of this lawsuit;

B.     Interest on the principal amount set forth in Paragraph A, assessed at the rate of 1-1/2% per month, pursuant to 29 U.S.C. § 1132(g)(2)(B) and the terms of the Trust Agreement, from the due date of each quarterly payment until the date of judgment;

C.     Liquidated damages in the amount of 10% of the principal amount set forth in Paragraph A pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii) and the terms of the Trust Agreement;

D.     Post-judgment interest pursuant to 28 U.S.C. § 1961;

E.     Costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g);

F.     On Count II, an Order enjoining Ocean from failing and refusing to make all future interim withdrawal liability payments due to the Pension Fund pursuant to the payment schedule established by the Pension Fund, as required by 29 U.S.C. § 1401(b);

G.     On both Counts, such further legal and equitable relief as the Court may deem appropriate.

7

Dated:  May 14, 2020                    Respectfully submitted,

/s/ Mark W. Carbone
Mark W. Carbone, Bar No. 6291
Law Offices of Mark W. Carbone, P.L.L.C.
115 Roane Street
Charleston, West Virginia   25302
Mcarb1956@gmail.com
304-552-3585/681-265-5017

/s/ Kimberly L. Bradley*
Kimberly L. Bradley, D. Md. Bar No. 23653
kbradley@abato.com

/s/ Paul D. Starr*
Paul D. Starr, D. Md. Bar No. 24789
Abato, Rubenstein and Abato, P.A.
809 Gleneagles Court, Suite 320
Baltimore, Maryland   21286
(410) 321-0990
pstarr@abato.com

Attorneys for Plaintiffs

-----------------------------------------------------
* pending admission *pro hac vice*